## No. 759.

THOMAS C. JOHNSON vs. A. WEINSTOCK. M. COHEN THIRD OPPONENT.

When the Code of Practice deprives an appellant of the power to withdraw his appeal from the moment when the citation of appeal has been served on the appellee, it means such appeal as has been perfected by giving bond and serving citation. The withdrawal of an appeal presupposes its existence. The order of appeal is always on the condition that the appellant give bond, and until the bond is filed, there is no appeal.

When the appeal has been taken by motion in open court, in which case citation is not necessary, the order of appeal may be revoked and the motion withdrawn before the appeal is perfected by giving bond.

When the appeal has been taken by petition, in which case citation is necessary, the appeal may be withdrawn before the citation is served.

In either case when the appeal has been timely withdrawn, another appeal may be taken within the year.

It is immaterial whether the failure to give bond was from inability or neglect. The cardinal fact is whether any bond was given. Tarleton *v.* Wofford, 15 La. Ann. 592 overruled, being in conflict with Gibson *v.* Selby, 2 La. Ann. 628.

APPEAL from the District Court for Caddo. LOONEY, J.

*Duncan & Moncure* and *Alexander* for Plaintiff.    *Wise* for Defendant.

The plaintiff obtained an appeal on motion, but failed to give bond. Within the year he prayed a devolutive appeal by petition, asking leave to withdraw the former appeal which he had not perfected, and the order was granted, and citations served. The third opponent moved to dismiss on the ground that the first appeal was abandoned.

MARR, J.    Article 594 Code of Practice evidently contemplates the case where the appeal has been perfected by giving bond, and the citation has been served, for although its language is, "from the moment when the citation of appeal is served," it is manifest from Art. 581 that the citation cannot be issued until bond has been given. Art. 595 declared if the appellant wishes to withdraw his appeal before he has cited the appellee, he may do so on motion, and may renew his appeal within time.    The withdrawal of an appeal presupposes its existence.    An appeal is always granted on condition of giving bond, and until the bond is filed there is no appeal.    There was no appeal existing and perfected, and therefore no abandonment, and the plaintiff was not precluded from applying within the year for a devolutive appeal.    Gibson *v*. Selby, 2 Ann. 630.    Tarleton *v*. Wofford, 15 Ann. 592, is relied on as establishing a different doctrine, in which the court said the case was not governed by Gibson *v*. Selby, because there was nothing to shew that the neglect to perfect the first appeal arose on inability to give the bond, and that it was controlled by Collins *v*. Monticon, 9 Ann. 39.    The court was evidently misled.    In Gibson *v*. Selby the court said the inability, or the omission to give the bond did not preclude the party, etc.    There was no proof of inability, but merely omission, and the court attached the same importance to the one cause of failure as the other.    The result was the bond was not given, and the consequence was the same.    In Collins *v*. Monticon, a suspensive appeal had been granted and the bond was filed the same day.    The appeal was not brought up, and nine months after the appellant obtained a devolutive appeal which was dismissed on the ground of abandonment.    The difference is apparent.    Tarleton *v*. Wofford is analogous to Gibson *v*. Selby and should have been decided like it.    No citation is necessary when the appeal is by motion.    The appeal is perfected by giving

the bond, and the jurisdiction of the lower court is divested.  If therefore the appellant fails to prosecute his appeal, he will be considered as having abandoned it, and no appeal can afterwards be granted him.

*Motion to dismiss denied.*